```
                                          FILED
                                  CLERK, U.S. DISTRICT COURT

                                        4/2/2025

                                  CENTRAL DISTRICT OF CALIFORNIA
                                  BY: _____IV_____ DEPUTY

                                         LODGED
                                  CLERK, U.S. DISTRICT COURT

                                        4/2/2025

                                  CENTRAL DISTRICT OF CALIFORNIA
                                  BY: _____JB_____ DEPUTY
```

1  JOSEPH T. MCNALLY
   Acting United States Attorney
2  LINDSEY GREER DOTSON
   Assistant United States Attorney
3  Chief, Criminal Division
   CHRISTINA MARQUEZ(Cal. Bar No. 305301)
4  Assistant United States Attorney
   Domestic Security & Immigration Crimes Section
5       1200 United States Courthouse
        312 North Spring Street
6       Los Angeles, California 90012
        Telephone: (213) 894-4061
7       Facsimile: (213) 894-0141
        E-mail:    christina.marquez@usdoj.gov
8
   Attorneys for Plaintiff
9  UNITED STATES OF AMERICA

10                    UNITED STATES DISTRICT COURT

11                FOR THE CENTRAL DISTRICT OF CALIFORNIA

12 UNITED STATES OF AMERICA,           No. CR  8:25-mj-00245-DUTY

13            Plaintiff,                GOVERNMENT'S NOTICE OF REQUEST FOR
                                        DETENTION
14            v.

15 BYRON RAMIREZ-PALACIOS,
      aka "Jorge Alberto Palacios
16    Canas,"
      aka "Jorge Palacios,"
17    aka "Byron Alexander Ramirez,"
      aka "Byron Alexander Zelaya
18    Ramirez,"
      aka "Liro Tigre de San
19    Luiseis,"
      aka, "Little Tigre,"
20
              Defendant.
21

22
        Plaintiff, United States of America, by and through its counsel
23
   of record, hereby requests detention of defendant and gives notice of
24
   the following material factors:
25
   ☒   1.    Temporary 10-day Detention Requested (§ 3142(d)) on the
26
              following grounds:
27

28

|   |   |   |
|---|---|---|
| ☐ | a. | present offense committed while defendant was on release pending (felony trial), |
| ☒ | b. | defendant is an alien not lawfully admitted for permanent residence; and |
| ☐ | c. | defendant may flee; or |
| ☐ | d. | pose a danger to another or the community. |

☒ 2. Pretrial Detention Requested (§ 3142(e)) because no condition or combination of conditions will reasonably assure:

|   |   |   |
|---|---|---|
| ☒ | a. | the appearance of the defendant as required; |
| ☒ | b. | safety of any other person and the community. |

☐ 3. Detention Requested Pending Supervised Release/Probation Revocation Hearing (Rules 32.1(a)(6), 46(d), and 18 U.S.C. § 3143(a)):

|   |   |   |
|---|---|---|
| ☐ | a. | defendant cannot establish by clear and convincing evidence that he/she will not pose a danger to any other person or to the community; |
| ☐ | b. | defendant cannot establish by clear and convincing evidence that he/she will not flee. |

☐ 4. Presumptions Applicable to Pretrial Detention (18 U.S.C. § 3142(e)):

|   |   |   |
|---|---|---|
| ☐ | a. | Title 21 or Maritime Drug Law Enforcement Act ("MDLEA") (46 U.S.C. App. 1901 et seq.) offense with 10-year or greater maximum penalty (presumption of danger to community and flight risk); |

☐ b. offense under 18 U.S.C. §§ 924(c), 956(a), 2332b, or 2332b(g)(5)(B) with 10-year or greater maximum penalty (presumption of danger to community and flight risk);

☐ c. offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1)-(a)(3), 2252A(a)(1)-2252A(a)(4), 2260, 2421, 2422, 2423 or 2425 (presumption of danger to community and flight risk);

☐ d. defendant currently charged with an offense described in paragraph 5a - 5e below, AND defendant was previously convicted of an offense described in paragraph 5a - 5e below (whether Federal or State/local), AND that previous offense was committed while defendant was on release pending trial, AND the current offense was committed within five years of conviction or release from prison on the above-described previous conviction (presumption of danger to community).

☒ 5. Government Is Entitled to Detention Hearing Under § 3142(f) If the Case Involves:

☐ a. a crime of violence (as defined in 18 U.S.C. § 3156(a)(4)), a violation of 18 U.S.C. § 1591, or Federal crime of terrorism (as defined in 18 U.S.C. § 2332b(g)(5)(B)) for which maximum sentence is 10 years' imprisonment or more;

☐ b. an offense for which maximum sentence is life imprisonment or death;

|     |     |    |                                                                                   |
|----:|:---:|:---|:----------------------------------------------------------------------------------|
|  1  | ☐   | c. | Title 21 or MDLEA offense for which maximum sentence is                           |
|  2  |     |    | 10 years' imprisonment or more;                                                   |
|  3  | ☐   | d. | any felony if defendant has two or more convictions for                           |
|  4  |     |    | a crime set forth in a-c above or for an offense under                            |
|  5  |     |    | state or local law that would qualify under a, b, or c                            |
|  6  |     |    | if federal jurisdiction were present, or a combination                            |
|  7  |     |    | or such offenses;                                                                 |
|  8  | ☐   | e. | any felony not otherwise a crime of violence that                                 |
|  9  |     |    | involves a minor victim or the possession or use of a                             |
| 10  |     |    | firearm or destructive device (as defined in 18 U.S.C.                            |
| 11  |     |    | § 921), or any other dangerous weapon, or involves a                              |
| 12  |     |    | failure to register under 18 U.S.C. § 2250;                                       |
| 13  | ☒   | f. | serious risk defendant will flee;                                                 |
| 14  | ☐   | g. | serious risk defendant will (obstruct or attempt to                               |
| 15  |     |    | obstruct justice) or (threaten, injure, or intimidate                             |
| 16  |     |    | prospective witness or juror, or attempt to do so).                               |
| 17  | ☐ 6.|    | Government requests continuance of _____ days for detention                       |
| 18  |     |    | hearing under § 3142(f) and based upon the following                              |
| 19  |     |    | reason(s):                                                                        |

20

21  _____

22  _____

23  _____

24  //

25  //

26  //

27  //

28  //

4

☐ 7.  Good cause for continuance in excess of three days exists in that:

_____

_____

_____

_____

Dated: April 2, 2025                    Respectfully submitted,

                                        JOSEPH T. MCNALLY
                                        Acting United States Attorney

                                        LINDSEY GREER DOTSON
                                        Assistant United States Attorney
                                        Chief, Criminal Division


                                        _____
                                        CHRISTINA MARQUEZ
                                        Assistant United States Attorney

                                        Attorneys for Plaintiff
                                        UNITED STATES OF AMERICA